# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Tierra Anderson, Mary Aldridge, Yamilee Bennett, Nicole Blount, Regina Burke, Princess Callahan,Angie D'Haiti, Latavia Dunlap, Ashley Finney, Kristine Glenn, Brittany Gregory,Ashley Harris, Christyona Hartzog, Brittany Lloyd, Montoya Minnis, Adekemi Abegunde Ojo, Jammie Parker, Shannon Proverbs, Krystl Rattler, Chayla Sauls, Rashonda Walton, Samone Williams, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No.: |
| v. | ) ) | JURY TRIAL DEMANDED |
| Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; MBJG Investment Corp.; Fly Low, Inc. d/b/a King of Diamonds; JEG Family Trust; Teri Galardi; Rick Taylor; Akinyele Adams; AK "N" ELI, LLC; AQFC, LLC; KODRENYC, LLC; EMK Equities, LLC; and Elliott Kunstlinger, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

PLAINTIFFS Tierra Anderson, Mary Aldridge, Yamilee Bennett, Nicole Blount, Angie D'Haiti, Latavia Dunlap, Ashley Finney, Kristine Glenn, Brittany Gregory , Ashley Harris, Christyona Hartzog, Princess Callahan , Brittany Lloyd, Montoya Minnis, Adekemi Abegunde Ojo, Jammie Parker, Shannon Proverbs, Krystl Rattler, Chayla Sauls, Rashonda Walton, Samone Williams, and Regina Burke , by and through their undersigned counsel, bring forth this action for damages and other legal and equitable relief against Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; MBJG Investment Corp.; Fly Low, Inc. d/b/a King of Diamonds; Teri Galardi; JEG Family Trust; Rick Taylor; Akinyele Adams; AK "N"

ELI, LLC; AQFC, LLC; KODRENYC, LLC; EMK Equities, LLC; and Elliott Kunstlinger ("Defendants") for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. "FLSA"). Plaintiffs bring forth the following claims against the Defendants:

**INTRODUCTION**

1.

PLAINTIFFS Tierra Anderson, Mary Aldridge, Yamilee Bennett, Nicole Blount, Angie D'Haiti, Latavia Dunlap, Ashley Finney, Kristine Glenn,  Brittany Gregory , Ashley Harris, Christyona Hartzog, Princess Callahan , Brittany Lloyd, Montoya Minnis, Adekemi Abegunde Ojo, Jammie Parker, Shannon Proverbs, Krystl Rattler, Chayla Sauls, Rashonda Walton, Samone Williams, and  Regina Burke  bring this action as adult entertainers employed and formerly employed by Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., Fly Low, Inc. d/b/a King of Diamonds, Teri Galardi, Rick Taylor, and Akinyele Adams to recover unpaid wages, unpaid overtime wages, house fees, and for remedies for violations of the Fair Labor Standards Act, including liquidated damages, attorney's fees, interest and court costs.[1]

2.

Defendants have and continue to mischaracterize adult entertainers at King of Diamonds as independent contractors and require that each performer pay for the privilege of working at

---

[1] Plaintiffs Chayla Sauls, Latavia Dunlap, Tierra Anderson, Montoya Minnis, Rashonda Walton, D'Angela Williams Krystl Rattler, Yamilee Bennett, Christyona Hartzog, Kristine Glenn, D'Angela Williams, Kenyatta Clay and Simone Williams were all "opt-in" Plaintiffs in Geter et. al. Galardi South Enterprises Inc. et. al. CASE NO. 14-21896. These Plaintiffs were dismissed from Geter without prejudice as a result of their late filed "opt-in" agreements in the collective action.

King of Diamonds. The adult entertainers are paid no wages, receive no overtime pay and are required to remain at the club during hours in which it is impossible for them to earn gratuities as the club is closed for business. These requirements are direct violations of the FLSA.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 because this action involves a federal question, specifically 29 U.S.C. § 216(b).

### 4.

Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in the Southern District of Florida.

### 5.

Venue is also proper in the Southern District of Florida, Miami division, because a substantial portion of the events at issue in this lawsuit took place in the Southern District of Florida, Miami division.

## PARTIES

### 6.

Plaintiff Tierra Anderson is a United States citizen and a resident of Florida. Ms. Anderson was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Anderson worked a minimum of thirty (30) hours per week and oftentimes in excess of forty (40) hours per week for which she was never compensated by the Defendants. Moreover, Ms. Anderson was required to share tips with non-tipped employees in violation of the FLSA.

### 7.

Plaintiff Mary Aldridge is a United States citizen and a resident of Miami, Florida. Ms. Aldridge was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Aldridge worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Aldridge was required to share tips with non-tipped employees in violation of the FLSA.

8.

Plaintiff Yamilee Bennett is a United States citizen and a resident of Florida. Ms. Bennett was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Bennett worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Bennett was required to share tips with non-tipped employees in violation of the FLSA.

9.

Plaintiff Nicole Blount is a United States citizen and a resident of Florida. Ms. Blount was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Blount worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Blount was required to share tips with non-tipped employees in violation of the FLSA.

10.

Plaintiff Angie D'Haiti is a United States citizen and a resident of Miami, Florida. Ms. D'Haiti was employed as an adult entertainer at King of Diamonds at various times in the three

years preceding the commencement of this action. While employed by the Defendants, Ms. D'Haiti worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. D'Haiti was required to share tips with non-tipped employees in violation of the FLSA.

11.

Plaintiff Latavia Dunlap is a United States citizen and a resident of South Carolina. Ms. Dunlap was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Dunlap worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Dunlap was required to share tips with non-tipped employees in violation of the FLSA.

12.

Plaintiff Ashley Finney is a United States citizen and a resident of Michigan. Ms. Finney was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Finney worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Finney was required to share tips with non-tipped employees in violation of the FLSA.

13.

Plaintiff Kristine Glenn is a United States citizen and a resident of Atlanta, Georgia. Ms. Glenn was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms.

Glenn worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Glenn was required to share tips with non-tipped employees in violation of the FLSA.

14.

Plaintiff Brittany Gregory is a United States citizen and a resident of New Jersey. Ms. Gregory was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Gregory worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Gregory was required to share tips with non-tipped employees in violation of the FLSA.

15.

Plaintiff Ashley Harris is a United States citizen and a resident of Maryland. Ms. Harris was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Harris worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Harris was required to share tips with non-tipped employees in violation of the FLSA.

16.

Plaintiff Christyona Hartzog is a United States citizen and a resident of New York. Ms. Hartzog was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms.

Hartzog worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Hartzog was required to share tips with non-tipped employees in violation of the FLSA.

17.

Plaintiff Princess Callahan is a United States citizen and a resident of Florida. Ms. Callahan was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Callahan worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Callahan was required to share tips with non-tipped employees in violation of the FLSA.

18.

Plaintiff Brittany Lloyd is a United States citizen and a resident of Michigan. Ms. Lloyd was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Lloyd worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Lloyd was required to share tips with non-tipped employees in violation of the FLSA.

19.

Plaintiff Montoya Minnis is a United States citizen and a resident of Atlanta, Georgia. Ms. Minnis was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Minnis worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week

for which she was never compensated by the Defendants. Moreover, Ms. Minnis was required to share tips with non-tipped employees in violation of the FLSA.

20.

Plaintiff Adekemi Abegunde Ojo is a United States citizen and a resident of New Jersey. Ms. Ojo was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Ojo worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Ojo was required to share tips with non-tipped employees in violation of the FLSA.

21.

Plaintiff Jammie Parker is a United States citizen and a resident of Georgia. Ms. Parker was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Parker worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Parker was required to share tips with non-tipped employees in violation of the FLSA.

22.

Plaintiff Shannon Proverbs is a United States citizen and a resident of Texas. Ms. Proverbs was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Proverbs worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Proverbs was required to share tips with non-tipped employees in violation of the FLSA.

23.

Plaintiff Krystl Rattler is a United States citizen and a resident of Florida. Ms. Rattler was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Rattler worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Rattler was required to share tips with non-tipped employees in violation of the FLSA.

24.

Plaintiff Shayla Sauls is a United States citizen and a resident of Texas. Ms. Sauls was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Sauls worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Sauls was required to share tips with non-tipped employees in violation of the FLSA.

25.

Plaintiff Rashonda Walton is a United States citizen and a resident of Smyrna, Georgia. Ms. Walton was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Walton worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Walton was required to share tips with non-tipped employees in violation of the FLSA.

26.

Plaintiff Samone Williams is a United States citizen and a resident of South Carolina. Ms. Williams was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Williams worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Williams was required to share tips with non-tipped employees in violation of the FLSA.

27.

Plaintiff Princess Callahan is a United States citizen and a resident of Hallandale Beach, Florida. Ms. Callahan was employed as an adult entertainer at King of Diamonds at various times in the five years preceding the commencement of this action. While employed by the Defendants, Ms. Callahan worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Callahan was required to share tips with non-tipped employees in violation of the FLSA.

28.

Plaintiff Regina Burke is a United States citizen and a resident of Memphis, Tennessee. Ms. Burke was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Burke worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Burke was required to share tips with non-tipped employees in violation of the FLSA.

29.

Plaintiffs are informed and believe that Galardi South Enterprises, Inc. is a Georgia corporation that owns and operates multiple adult-themed nightclubs and lounges throughout the United States with its principal headquarters located at 1730 Northeast Expressway, Suite 200, Atlanta, Georgia 30329. The registered agent for Galardi South Enterprises, Inc. is Dennis Williams, Esq., 1730 N. E. Expressway, Suite 200 Atlanta, Georgia 30329.

30.

Plaintiffs are informed and believe that Galardi South Enterprises Consulting, Inc. is a Georgia corporation that owns and operates multiple adult-themed nightclubs and lounges throughout the United States with its principal headquarters located at 2555 Chantilly Dr. Atlanta, Georgia 30324. The registered agent for Galardi South Enterprises Consulting, Inc. is Dennis Williams, Esq., 2555 Chantilly Dr. Atlanta, Georgia 30324.

31.

Plaintiffs are informed and believe that Fly Low, Inc. is a Florida corporation that owned and operated King of Diamonds, with its principal place of business located at 17800 NE 5th Avenue, Miami, Florida 33162. It is believed to be a corporate subsidiary JEG Family Trust, Teri Galardi, Galardi South Enterprises, Inc. and/or Galardi South Enterprises Consulting, Inc. The registered agent for Fly Low, Inc. is Patricia Burnside, 2455 Hollywood Boulevard, Suite 311, Hollywood, Florida, 33020.  Fly Low, Inc. is the alter ego of Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., MBJG Investment Corp., JEG Family Trust, and Teri Galardi.

32.

Teri Galardi is, upon information and belief, a United States citizen and resides in Miami,

11

Florida and various locations in Georgia, including the towns of Jackson and Flovilla. Ms. Galardi is believed to be the CEO of Galardi South Enterprises, Inc.; the president of Galardi South Enterprises Consulting, Inc.; the president of MBJG Investment Corp.; the Trustee of the JEG Family Trust; and the president of Fly Low, Inc. d/b/a King of Diamonds and is integrally involved in the day to day operations of King of Diamonds. Teri Galardi resides at 15820 SW 53rd Ct, Southwest Ranches, Florida 33331-3372 and at 2146 Highway 42 S, Flovilla, Georgia 30216.

33.

Defendant MBJG Investment Corp. is a Florida Corporation doing business in the State of State of Florida. Upon information and belief, MBJG is directly or indirectly owned, operated and controlled by Teri Galardi, or has, within the four years preceding the filing of this action, been fraudulently conveyed to other persons/entities. MBJG may be served with process via its registered agent for service, Patricia Burnside, at 2455 Hollywood Boulevard Suite 311, Hollywood, Fla., 30020.

34.

Defendant JEG Family Trust, is a Georgia trust owning businesses and property located in the State of State of Florida. Upon information and belief, the JEG Family Trust is directly or indirectly owned, operated and controlled by Teri Galardi, or has, within the four years preceding the filing of this action, been fraudulently conveyed to other persons/entities. JEG Family Trust may be served with process via its trustee, Teri Galardi, residing at 15820 SW 53rd Ct, Southwest Ranches, Florida 33331-3372 and at 2146 Highway 42 S, Flovilla, Georgia 30216.

35.

King of Diamonds is an adult entertainment establishment located at 17800 NE 5th

Avenue, Miami, Florida 33162. Plaintiffs are informed and believe that King of Diamonds is co-owned and operated by Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., MBJG Investment Corp., JEG Family Trust, and Fly Low, Inc. and is organized and existing under Florida law.

36.

Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting Inc., MBJG Investment Corp., JEG Family Trust, and Teri Galardi were shareholders or otherwise owners of Defendant Fly Low, Inc. A unity of interest exists between the defendants such that any individuality and separateness between the shareholders and Fly Low, Inc. have ceased.

37.

Fly Low, Inc. was formed for the improper purpose of avoiding liability to creditors, including the plaintiffs herein.  Fly Low, Inc. did not keep proper books and records on its activities, did not hold regular director meetings, and did not observe corporate legal formalities. Corporate funds were frequently comingled with stockholder's funds.

38.

Many of the officers and directors of Galardi South Enterprises Inc., Galardi South Enterprises Consulting, Inc., JEG Family Trust, and MBJG Investment Corp. were the same individuals, including Teri Galardi, and were directly involved in the business affairs of each corporation.  The shareholders and parent corporations of Fly Low, Inc. completely disregarded the corporate entity of Fly Low, Inc. other than to use the corporate entity to conduct the defendants' own affairs in Miami, Florida.  Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting Inc., MBJG Investment Corp., JEG Family Trust, and Teri Galardi

caused assets of Fly Low, Inc. to be transferred to themselves without adequate consideration, and withdrew funds from Fly Low, Inc.'s bank accounts for Teri Galardi's personal use.

39.

Fly Low, Inc.'s business was controlled, dominated, and operated by Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting Inc., MBJG Investment Corp., JEG Family Trust, and Teri Galardi such that the activities and business of Fly Low, Inc. were carried out without the holding of directors or shareholders meetings, no records or minutes of any corporate proceedings were maintained, and Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting Inc., MBJG Investment Corp., JEG Family Trust, and Teri Galardi entered into personal transactions with Fly Low, Inc. without the approval of other directors or shareholders.

40.

 Adherence to the fiction of separate existence of Fly Low Inc. distinct from Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting Inc., MBJG Investment Corp., JEG Family Trust, and Teri Galardi, would permit abuse of the corporate privileges and would sanction fraud where Teri Galardi caused funds to be withdrawn from Fly Low Inc. and distributed without consideration to Fly Low, Inc.  This distribution rendered Fly Low, Inc. insolvent and unable to meet its obligations.

41.

At all relevant times, Defendants operated in multiple states, including adult-themed nightclubs and lounges located within this District, and based thereon, each is or was an "employer" involved in interstate commerce within the meaning of the FLSA, codified at 29

U.S.C. § 201, et seq. In addition, Defendants are or were, at all times mentioned herein, enterprises engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

42.

Rick Taylor a/k/a "Disco Rick" is, upon information and belief, a United States citizen and resides in Miami, Florida, and Houston, Texas. At the time of the acts giving rise to the instant Complaint, he was a member of the management staff at King of Diamonds. Mr. Taylor was and still is responsible for supervising the adult entertainers, including Plaintiffs, and day to day operations, including but not limited to scheduling and disciplining the adult entertainers, promotions, and accounting. Mr. Taylor resides at 259 NW 64th St., Miami, FL 33150.

43.

Akinyele Adams is, upon information and belief, a United States citizen and resides in Orlando, Florida and Miami, Florida. At the time of the acts giving rise to the instant Complaint, he was a member of the management staff at King of Diamonds and shared responsibility for day to day operations with Mr. Taylor, including but not limited to scheduling and disciplining the adult entertainers, promotions, and accounting. Mr. Adams contributes financially to the maintenance of King of Diamonds. Mr. Adams resides at 530 Ocean Drive, Miami, FL 33160.

44.

Upon information and belief, on or about July 17, 2014, the ownership and assets of King of Diamonds were sold by Teri Galardi and her corporations Fly Low and MBJG to the new ownership group including AK "N" Eli, LLC, KODRENYC, LLC, AQFC, LLC, EMK Equities, LLC, and Elliott Kunstlinger.  The liabilities and obligations of King of Diamonds, including monies owed to the plaintiffs, were transferred by operation of contract or law to the new

ownership group upon the sale of King of Diamonds.  Therefore, the doctrine of successor liability applies to AK "N" Eli, LLC, KODRENYC, LLC, AQFC, LLC, EMK Equities, LLC, and Elliott Kunstlinger for all FLSA and Florida minimum wage law violations against the plaintiffs occurring prior to the sale of the King of Diamonds.

45.

Defendant AK "N" ELI, LLC is a Florida Limited Liability company which was formed on June 25, 2014. Subsequent to the sale of KOD in or about July of 2014, AK "N" ELI, LLC owned, operated and managed King of Diamonds, including exercising direct control over the terms and conditions of Plaintiffs' employment.  AK "N" ELI, LLC may be served with process through its registered agent for service, Joshua Kon, Stok Folk + Kon PA, 18851 NE 29 Ave., Suite 1005, Aventura, FL, 33180.

46.

Defendant AQFC, LLC is a Florida Limited Liability company which was formed on May 5, 2014. Subsequent to the sale of KOD in or about July of 2014, AQFC, LLC, owned, operated and managed King of Diamonds, including exercising direct control over the terms and conditions of Plaintiffs' employment. AQFC, LLC may be served with process through its registered agent for service, Joshua Kon, Stok Folk + Kon PA, 18851 NE 29 Ave., Suite 1005, Aventura, FL, 33180.

47.

Defendant KODRENYC, LLC, is a Florida Limited Liability company which was formed on June 26, 2014. Subsequent to the sale of KOD in or about July of 2014, KODRENYC, LLC owned, operated and managed King of Diamonds, including exercising direct control over the terms and conditions of Plaintiffs employment. KODRENYC may be

16

served with process through its registered agent for service, Joshua Kon, Stok Folk + Kon PA, 18851 NE 29 Ave., Suite 1005, Aventura, FL, 33180.

48.

Defendants AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC are owned and operated, in part, by Defendant EMK Equities, LLC, a New York Corporation, with a principal place of business at 1364 E. 5th St., Brooklyn, NY 11230.

49.

Defendants EMK Equities, LLC, AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC are owned and operated, in part, by Defendant Elliott Kunstlinger, a natural person, residing at 1786 New York Avenue, Brooklyn, NY 11210.

50.

Defendants EMK Equities, LLC and Elliott Kunstlinger were shareholders or otherwise owners of Defendants AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC.  A unity of interest exists between the defendants such that any individuality and separateness between the shareholders and AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC have ceased.

51.

AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC were formed for the improper purpose of avoiding liability to creditors, including the plaintiffs herein.  AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC did not keep proper books and records on its activities, did not hold regular director meetings, and did not observe corporate legal formalities. Corporate funds were frequently comingled with stockholder's funds.

52.

Many of the officers and directors of EMK Equities, LLC, including Elliott Kunstlinger, were the same individuals, and were directly involved in the business affairs of each corporation. The shareholders and parent corporations completely disregarded the corporate entities of AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC other than to use the corporate entities to conduct the defendants' own affairs in Miami, Florida.  Defendants EMK Equities, LLC and Elliott Kunstlinger caused assets of AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC to be transferred to themselves without adequate consideration, and withdrew funds from AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC's bank accounts for Elliott Kunstlinger's personal use.

53.

AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC's businesses were controlled, dominated, and operated by Defendants EMK Equities, LLC and Elliott Kunstlinger such that the activities and business of AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC were carried out without the holding of directors or shareholders meetings, no records or minutes of any corporate proceedings were maintained, and Defendants EMK Equities, LLC and Elliott Kunstlinger entered into personal transactions with AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC without the approval of other directors or shareholders.

54.

Adherence to the fiction of separate existence of AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC distinct from Defendants EMK Equities, LLC and Elliott Kunstlinger, would permit abuse of the corporate privileges and would sanction fraud where Elliott Kunstlinger caused funds to be withdrawn from AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC

and distributed without consideration to AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC.  This distribution rendered AK "N" ELI, LLC, AQFC, LLC, and KODRENYC, LLC insolvent and unable to meet their obligations.

55.

John Does A-Z are the fictitious names of individuals and corporations whose names are not presently known, and who aided Defendants in either causing damage to the plaintiffs or in avoiding liability as an alter ego, subsidiary, parent or other sham entity.

56.

As a result of the acts and omissions complained of herein, Defendants are each jointly and severally liable for all relief sought by the Plaintiffs.

**FACTS COMMON TO ALL CAUSES OF ACTION**

57.

PLAINTIFFS Tierra Anderson, Nicole Blount, Yamilee Bennett, Latavia Dunlap, Ashley Finney, Kristine Glenn, Brittany Gregory, , Ashley Harris, Christyona Hartzog, Princess Callahan,  Brittany Lloyd, Montoya Minnis, Adekemi Abegunde Ojo, Jammie Parker, Shannon Proverbs, Krystl Rattler, Chayla Sauls, Rashonda Walton, Samone Williams, and Regina Burke were adult entertainers at King of Diamonds owned and operated by the Defendants.  Plaintiffs were deprived compensation to which they were entitled through the following singular practices, decisions or plans of Defendants:

(a)  Requiring adult entertainers to work without compensation;

(b)  Requiring adult entertainers to perform work without compensation during times for which they could not receive tips;

19

(c)     Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours.

(d)     Requiring adult entertainers to share tips with non-tipped employees; and

(e)     Requiring adult entertainers to pay fees for the right to work.

58.

At all times in the three years preceding the filing of the instant Complaint, Defendants have employed adult entertainers at King of Diamonds.

59.

In the three years preceding the filing of the instant Complaint, Defendants have misclassified all adult entertainers at King of Diamonds as "independent contractors."

60.

In the three years preceding the filing of the instant Complaint, Defendants have not required the adult entertainers to have specialized training, background or education.

61.

Defendants established specific work schedules. Additionally, Defendants dictated the specific times and manner in which the adult entertainers interacted with customers and danced on stage. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

62.

Defendants required the adult entertainers, including Plaintiffs, to wear specific types of attire while performing, required them to attend unpaid staff meetings, and financed all advertising and licensing related to the business. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

63.

In the three  years preceding the filing of the instant Complaint, Defendants required that the adult entertainers, including Plaintiffs, pay a specific amount, often referred to as a "house fee" or "bar fee," to qualify to work any given shift. The "house fee" or "bar fee" varied from shift to shift, ranging from $75.00 to $500.00 depending on the shift and the event promoted by Defendants. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

64.

Adult entertainers, including Plaintiffs, were fined for not showing up for a scheduled shift. Adult entertainers who notified Defendants that they would be unable to work a shift were fined a minimum of $25.00 by Defendants. Adult entertainers who failed to "call in" prior to a scheduled shift were fined a minimum of $100.00 by Defendants. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

65.

In the three years preceding the filing of the instant Complaint, Defendants required adult entertainers, including Plaintiffs, to pay a specific "Disc Jockey" fee at the instruction of all Defendants, particularly Mr. Taylor. The amounts required to be paid by the adult entertainers varied from event to event and night to night. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

66.

In the three years preceding the filing of the instant Complaint, Defendants required adult entertainers to pay 10% of all gratuities received back to King of Diamonds at the instruction of

Mr. Taylor. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

67.

In the three years preceding the filing of the instant Complaint, Defendants required adult entertainers to permit security staff to retrieve all gratuities received from stage dancing and individual "table dances" and to transport said gratuities to Defendants' office to be counted and distributed at the end of the work shift. Adult entertainers were not given a true and verifiable accounting of the gratuities transported from the stage of the floor to the office or count room. At the end of a work shift, King of Diamonds management distributed the gratuities to the dancers. This distribution was often less than the amount believed to have been earned by the adult entertainers and reduced the amount each adult entertainer, including Plaintiffs, actually earned.

68.

Defendants required that all single dollar bills earned by the adult entertainers, including Plaintiffs, be returned to the Defendants and exchanged for larger bills. Adult entertainers were often charged a fee for returning the single bills.

69.

The fees described in paragraphs 52-67 constitute illegal tip sharing arrangements with non-tipped employees. Further, the fees described in paragraphs 68-71 represent illegal kickbacks within the meaning of the FLSA.

70.

Defendants have never paid the adult entertainers, including Plaintiffs, any amount as wages. The adult entertainers' sole source of work-related income during their employment with the Defendants was gratuities received from paying customers.

71.

Because Defendants did not pay an earned wage to adult entertainers, Defendants did not pay adult entertainers one and one half times their regular rate of pay when Plaintiffs exceeded forty hours worked in any given work week.

72.

Defendants knew or should have known that misclassifying Plaintiffs as "independent contractors" instead of the appropriate employee designation was a violation of the FLSA. As a result, Defendants failed to pay the required minimum wage and failed to pay overtime wages as required by the FLSA.

73.

At all relevant times alleged herein, Defendants' above-mentioned actions, policies and practices of not paying Plaintiffs compensation for work performed was in violation of the FLSA.

74.

Plaintiffs are informed and believe, and based thereon allege, that each and every one of the acts and omissions asserted herein was performed by, and/or is attributable to Defendants acting as agents and/or employees, and/or under the direction and control of Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully within the meaning of the FLSA.

75.

As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs have suffered, and continue to suffer, from loss of earnings as yet to be ascertained, but subject to proof at trial, in amounts in excess of the minimum jurisdiction of this Court.

76.

As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiffs during the five year period prior to commencement of this action pursuant to 29 U.S.C. § 216(b).

**CAUSES OF ACTION**
**COUNT ONE**

**Failure to pay Wages in**
**Violation of the Minimum Wage Provision of FLSA**

**(Against all Defendants)**

77.

Paragraphs 1-76 are incorporated by reference as if fully set forth herein.

78.

This claim arises from Defendants' willful violation of the FLSA for failure to pay a minimum wage to Plaintiffs.

79.

At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et seq. At all times relevant, these Defendants have employed and continue to employ adult entertainers, including named Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information

24

and belief, these Defendants have had annual gross sales or done business in excess of $500,000.00.

80.

The minimum wage provisions of the FLSA apply to Defendants and protect Plaintiffs. Defendants were required to compensate all adult entertainers for all work performed as non-exempt employees.

81.

Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs were entitled to be compensated at a rate of $7.25 per hour.

82.

Defendants were not allowed to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants provided no notice to adult entertainers of its intention to take a tip credit and because Plaintiffs were required by Defendants to pool tips with non-tipped employees, specifically members of the management staff of King of Diamonds.

83.

Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiffs.

84.

Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), with a conscious disregard for the rights of the Plaintiffs under federal wage and hour laws, by which such acts have deprived the Plaintiffs of their property and legal rights.

85.

As a result of the aforementioned violations, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

86.

Pursuant to the FLSA, 29 U.S.C. § 201, et seq., and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid wages at their regular rate, plus interest, liquidated damages, attorney's fees, and costs of suit.

## COUNT TWO

### Failure to Pay Overtime Wages in
### Violation of the Overtime Provisions of the FLSA, 29 U.S.C. § 201, et seq.

### (Against all Defendants)

87.

Paragraphs 1-76 are incorporated by reference as if fully set forth herein.

88.

Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Defendants are and/or were required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of 40 hours in a work week.

89.

Defendants, pursuant to their policies and practices, refused and failed to pay any wage at all to Plaintiffs, including failing to pay a rate of not less than one and one half the regular rate of pay when Plaintiffs worked in excess of 40 hours in a work week.

90.

Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. §

255(a), and with a conscious disregard of the rights of the Plaintiffs under federal wage and hour

laws, and such acts have deprived Plaintiffs of their property and legal rights.

91.

As a result of the aforementioned violations, Plaintiffs have suffered, and continue to

suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such

wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully

perform its obligations under the law, all to their respective damage in amounts according to

proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

92.

Pursuant to the FLSA, 29 U.S.C. § 201, et seq., and including, 29 U.S.C. § 216(b),

Plaintiffs are legally entitled to recover unpaid balances of overtime compensation, plus interest,

liquidated damages, attorney's fees, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.      Judgment against Defendants for an amount equal to Plaintiffs' unpaid back
        wages, overtime pay and unlawful kickbacks;

b.      Judgment against Defendants as their violations of the various provisions of
        FLSA were willful;

d.      An amount equal to the unpaid wages and kickback damages as liquidated
        damages;

e.      An award of prejudgment interest;

f.      All costs and attorney's fees incurred in prosecuting these claims;

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs demand a

trial by jury.

This 26th day of October, 2015.

/s/ Joshua M. Entin
Joshua M. Entin, Esq.
Florida Bar Number: 0493724
Allison B. Duffie, Esq.
Florida Bar Number: 649902
Entin & Della Fera, P.A.
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201
Fax: (954) 764-2443
E-mail: josh@entinlaw.com
Attorneys for Plaintiffs

Michael Akemon
The Richards Law Group
P.O. Box 360295
Decatur, GA 30034
Telephone: 404-289-6816
Facsimile: 404-795-0727
mutepe.akemon@richardslegal.com
Attorneys for Plaintiffs
*Pending Pro Hac Vice Admission*

Jameson B. Carroll
Michael Weiss
Carroll & Weiss, LLP
1819 Peachtree Road, Suite 104
Atlanta, Georgia 30309
Telephone: (404) 228-5337
Facsimile: (404) 228-5564
jcarroll@carrollweiss.com
mweiss@carrollweiss.com
Attorneys for Plaintiffs
*Pending Pro Hac Vice Admission*